**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

JANET M. NESSE                                    *

          Plaintiff,                          *

          v.                                      *         Civil Action No. AW-05-2674

KILPATRICK STOCKTON, LLP, *et al.*      *

          Defendants.                         *
                                        * * * * *

**MEMORANDUM OPINION**

This case stems from an adversary proceeding based on claims brought by Plaintiff Janet M. Nesse ("Nesse" or "Plaintiff"), Chapter 11 trustee of a bankruptcy estate, against a creditor of the estate, Kilpatrick Stockton, LLP ("Kilpatrick" or "Defendant").  In particular, Plaintiff has alleged that during its representation of the debtor, Maryland K.C. Inc., ("Debtor" or "K.C.I."), Kilpatrick committed malpractice and that Kilpatrick had conflicts of interest and represented multiple parties. Currently pending before the Court is Kilpatrick's Motion for Withdrawal of the Reference [1].  The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion.  For the reasons stated below, the Court will grant Defendant's Motion for Withdrawal of the Reference.

**FACTUAL & PROCEDURAL BACKGROUND**

Debtor K.C.I. was a government contractor, providing various services, including interior construction work and asbestos removal services, to federal agencies.  Kilpatrick provided legal services to K.C.I. from February 2001 to July 2002.  While providing legal services for K.C.I., Kilpatrick assisted K.C.I. in the terminations of Stephen Krishack as Vice President of K.C.I. and Kimberly Reilly, former 49 percent owner of K.C.I., as Chief Financial Officer of K.C.I.  During

1

this time, Kilpatrick billed K.C.I. over $500,000 for its services and expenses incurred.

The parties dispute the following facts. Plaintiff has alleged that Joyce Krishack, former 51 percent owner of K.C.I., and an attorney at Kilpatrick, Richard Peterson, had a romantic relationship. In addition, Plaintiff claims that Kilpatrick told Kimberly Reilly that Kilpatrick "represented her." Plaintiff also claims that Kilpatrick represented Joyce Krishack, former 51 percent owner of K.C.I., in her divorce proceedings, an allegation that Kilpatrick denies.

K.C.I. filed a voluntary Chapter 11 petition for relief in the United States Bankruptcy Court for the District of Maryland on October 22, 2002. On December 30, 2002, the bankruptcy court appointed Nesse as Trustee for the bankruptcy estate of K.C.I. Kilpatrick has filed a secured claim in the bankruptcy case for $377,917.97.

On July 22, 2005, Nesse filed the Complaint against Kilpatrick, asserting claims of breach of duty of care, malpractice, and conflicts of interest in connection with Kilpatrick's representation of K.C.I. Kilpatrick filed an answer to the Complaint on August 29, 2005. On September 27, 2005, Defendant filed the instant Motion for Withdrawal of the Reference. As of October 20, 2005, Plaintiff has not contested Defendant's Motion for Withdrawal of the Reference. The motion is now ripe, and the Court will now issue an opinion.

## STANDARD OF REVIEW

Defendant seeks the permissive withdrawal of the reference of this adversary proceeding to bankruptcy court. For this Court to exercise its discretionary power to withdraw reference, it must comply with 28 U.S.C. § 157(d), which provides "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In deciding whether a movant has shown cause, a court should

consider various factors, including:

> uniformity of bankruptcy administration, forum shopping and confusion of fora, conservation of creditor and debtor resources, expediency of the bankruptcy proceeding, and the fact that equitable issues are posed, not requiring a jury trial but falling within the traditional equitable powers of a bankruptcy judge as chancellor.

*EquiMed, Inc. v. Cohen* (*In re EquiMed, Inc.*), 259 B.R. 269, 273 (D. Md. 2001) (citing *Merryweather Importers, Inc. v. Wasserman,* 179 B.R. 61, 63 (D. Md. 1995)).  The moving party bears the burden of showing cause for the withdrawal of the reference to bankruptcy court.  *See Millennium Studius, Inc. v. Man Roland, Inc.* (*In re Millennium Studios, Inc.*), 286 B.R. 300, 303-304 (D. Md. 2002).

## **ANALYSIS**

Defendant has argued that this Court should withdraw the reference to bankruptcy court because this adversary proceeding is not "core" to the bankruptcy case.  A bankruptcy court may not enter a final order on a non-core proceeding without the consent of the parties, but only may issue proposed findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1).  Before entering a final judgment on a non-core proceeding, a district court must review any matter contested by the parties *de novo*.  Because both the bankruptcy court and this Court would have to review the facts of this adversary proceeding, defendant argues that withdrawing the reference to bankruptcy court would conserve judicial resources and serve the interest of judicial economy.

Generally, a non-core proceeding does not depend on bankruptcy law for its existence.  The United States Code, however, does not provide a clear description of what constitutes a core proceeding.  Section 157 sets forth a non-exhaustive list of actions that are core proceedings.  28 U.S.C. § 157(b)(2).  The Fourth Circuit has noted aptly that if courts read Section 157 broadly,

almost every dispute would constitute a core proceeding. *See In re Apex Express Corp.*, 190 F.3d 624, 631 (4th Cir. 1999). Yet, Congress created the distinction between core and non-core proceedings to prevent non-consenting claimants with claims based on state-created private rights from being forced into non-Article III courts. *See id.* at 630-32 (recounting that Congress made the core/non-core distinction in reaction to the *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982) case). In light of this over-arching purpose, the Fourth Circuit ruled that accounts receivable actions were non-core proceedings, stating "such claims, at least when grounded in state law and arising pre-petition, must be treated as non-core." *Id.* at 631.

In this case, the Court agrees with Defendant that the adversary proceeding is not a core proceeding. Plaintiff's Complaint refers to events that took place before K.C.I. filed for Chapter 11 bankruptcy protection. Kilpatrick ceased to represent K.C.I. before the filing of the Chapter 11 petition. In addition, the claims in the Plaintiff's Complaint arise under state law, not bankruptcy law. Although decisions issued by other circuits do not bind this Court, this Court may be persuaded by the reasoning of courts in other jurisdictions. This Court notes that other courts considering this issue have held that pre-petition legal malpractice claims are not core proceedings. *See Miramar Resources, Inc. v. Webb* (*In re Miramar Resources, Inc.)*, 176 B.R. 45, 54 (Bankr. D. Colo. 1994) (holding legal malpractice claims was not core); *see also Levy v. Butler, Payne and Griffin* (*In re Landbank Equity Corp*.)*,* 77 B.R. 44, 48-49 (E.D. Va. 1987) (holding claims for negligent misrepresentation were non-core proceedings).

While Plaintiff's Complaint alleges several violations of state law, the resolution of Plaintiff's claims will affect the bankruptcy estate. In these circumstances, the case of *In re Millennium Studios, Inc.* proves instructive. In that matter, a debtor brought an adversary

4

proceeding based on breach of contract and related claims. *In re Millennium Studios, Inc.*, 286 B.R. at 303-303. The *Millennium Studios* court held that these claims were not core, even though the dispute over those rights constituted a part of the plaintiff's bankruptcy estate. *Id.* at 305. To determine that the proceedings were not core, the *Millennium Studios* court relied heavily on the fact that the claims did not arise under federal bankruptcy law. Here, as in *Millenium Studios*, federal bankruptcy law does not create the rights asserted by Plaintiff. In addition, this proceeding is not one that could only arise in the context of a bankruptcy case. Although this proceeding relates to the bankruptcy case, this adversary proceeding is not a core proceeding. Therefore, the Court will grant Defendant's Motion for Withdrawal of the Reference of Plaintiff's adversary proceeding against Defendant to the bankruptcy court.

## **CONCLUSION**

For the aforementioned reasons, the Court will GRANT Defendant's Motion to Withdraw the Reference [1]. An Order consistent with this Opinion will follow.

| | |
|---|---|
| October 21, 2005 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |